IN THE UNITED SATE DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Plaintiff,

    v.                                                                                  Case No. 14-cv-1069 SCY/KK

PRISCILLA THREADGILL *et al*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Summary Judgment Regarding Offset. *Doc. 20*. Having reviewed the briefing and considered the relevant law, the Court will **GRANT** Plaintiff's Motion.

**I.**     **Background**

The following facts are undisputed. On August 27, 2011, Thomas Hancock shot and killed Joseph Threadgill, a bouncer at TD's Show Club in Albuquerque, after Threadgill escorted Hancock to his car following a disturbance in the club. *Doc. 1*. Hancock was subsequently charged with first degree murder. *Id.* Defendants Priscilla Threadgill, David Threadgill, and Danielle Threadgill (collectively, "Defendants"), pursued, *inter alia*, claims against Hancock's family's homeowners insurance policy, held by USAA Casualty Insurance Company, and Hancock's automobile insurance policy, held by Garrison Property & Casualty Company, regarding Threadgill's death. *Id.*

USAA and Garrison filed an action seeking a declaration that the policies at issue did not apply to the shooting. *See USAA Casualty Insurance Co. and Garrison property & Casualty Insurance Co. v. Thomas Hancock and the Estate of Joseph Threadgill*, 1:12-cv-01062

1

RB/LAM.  USAA and Garrison ultimately moved for summary judgment on their claims, which this Court, through the Honorable Robert Brack, granted.  *See id.* Defendants appealed to the Tenth Circuit Court of Appeals, and the appeal was later voluntarily dismissed because the parties settled. *Doc. 22* at 5 ("Garrison and USAA settled with the Threadgills").

In the meantime, Defendants sought to recover from Defendants' own automobile insurer, Plaintiff State Farm, treating Hancock as an uninsured motorist. *Id.* Plaintiff State Farm holds four automobile insurance policies for Defendants, which provide stacked uninsured motorist coverage limits of $100,000. *Id.*

The instant dispute concerns whether Plaintiff is entitled to offset the amount it must pay to Defendants under its own policies by the amount Defendants have already received from USAA and Garrison, Hancock's insurers.  If Hancock was merely underinsured, all parties seem to agree that Plaintiff is entitled to offset the amount paid to Defendants under its own policies by the amount Defendants have already received from Hancock's insurers.  *Doc. 22* at 4 (arguing that offset does not apply because this is an uninsured motorist coverage case rather than an underinsured motorist coverage case); *see also*, *Farmers Ins. Co. of Arizona v. Sandoval*, 2011-NMCA-051, ¶ 1, 149 N.M. 654, 253 P.3d 944; NMSA 1978 § 66-5-301 *et seq*. Defendants argue, however, that this case involves uninsured, rather than underinsured, motorist coverage and that offsets are not authorized in uninsured motorist coverage cases.

II.     **Standard of Review**

Under Federal Rule of Civil Procedure 56(a), this Court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The movant bears the initial burden of "show[ing] that there is an absence of evidence to support the nonmoving party's

case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  Once the movant meets this burden, Rule 56(c) requires the non-moving party to designate specific facts showing that there is a genuine issue for trial.  *See Celotex Corp.*, 477 U.S. at 324; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

"An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way.  An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Thom v. Bristol Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (internal citation omitted).  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ." Fed. R. Civ. P. 56(c)(1)(A).  All material facts set forth in the motion and response which are not specifically controverted are deemed undisputed. D.N.M.LR-Civ. 56.1(b).

When reviewing a motion for summary judgment, the court should keep in mind three principles.  First, the court's role is not to weigh the evidence, but to whether a genuine issue exists as to material facts requiring a trial.  *See Liberty Lobby*, 477 U.S. at 249.  Second, the court must resolve all reasonable inferences and doubts in favor of the non-moving party, and construe all evidence in the light most favorable to the non-moving party.  *See Hunt v. Cromartie*, 526 U.S. 541, 550–55 (1999).  Third, the court cannot decide any issues of credibility.  *See Liberty Lobby*, 477 U.S. at 255.  "[T]o survive the . . . motion, [the nonmovant] need only present evidence from which a jury might return a verdict in his favor." *Id*. at 257.

### III.     Plaintiff is Entitled to An Offset

Defendants insist that regardless of whatever settlement they reached with USAA and Garrison, Judge Brack's ruling that USAA's and Garrison's policies did not cover Hancock means that Hancock was, in the eyes of the law, uninsured. Plaintiff counters with a logical point: when USAA and Garrison settled with Plaintiff, they were paying out *pursuant to Hancock's policy*, making Hancock underinsured, not uninsured. *Doc. 24* at 4-5. The Court agrees with Plaintiff.

The parties agree that USAA and Garrison provided some money to Defendants.  No one contends that USAA and Garrison provided this money as a gift.  Instead, USAA and Garrison paid this money to settle the claims Defendants made against Hancock's policies.  Defendants correctly point out that Judge Brack ruled USAA and Garrison had no obligation to pay anything.  *Doc. 22* at 3. Had Judge Brack's order ended the case, USAA and Garrison would not have paid Defendants any money and State Farm would have no offset.  But Judge Brack's order did not end the case.  The settlement money USAA and Garrison paid to get rid of the appeal ended the case.  And, USAA and Garrison paid this money only because they insured Hancock. Defendants' semantic argument that Hancock was uninsured, not underinsured, must be rejected because it ignores the fact that Hancock's insurers paid money out on the insurance policies Hancock had with them.  If the Court was to follow Defendants' logic, Plaintiff would be entitled to an offset only if Garrison had settled prior to the Court's ruling on Garrison's motion for summary judgment or after Defendants' successful appeal, but not in the interim. This is nonsensical, since Garrison's settlement would have been made pursuant to Hancock's policy regardless of when it was made.

4

Defendants argument must also be rejected because it ignores the plain language of Section 66-5-301(B), which states, "[t]he uninsured motorist coverage described in Subsection A of this section shall include underinsured motorist coverage for persons protected by an insured's policy."  As this language demonstrates, the New Mexico legislature meant to treat the terms "uninsured" and "underinsured" similarly rather than distinctly.  The reason the term "uninsured" is not used in connection with offset, however, is that an insurance company does not pay a claim in the absence of an insurance policy.  It will, of course, sometimes pay on a claim when a question exists as to whether its policy covers a given situation – even when it believes it ultimately would prevail after litigation.  But the person holding the insurance policy and getting paid on a claim is not considered "uninsured" just because the insurance company might ultimately prevail on its claim that its policy does not cover the situation.  Thus, the absence in the law of the term "uninsured" in connection with offset is not evidence of a conscious choice to treat "uninsured" and "underinsured" claims differently with regard to offset; instead, it is evidence that the law considers a person paid on an insurance claim to have been insured, even if underinsured.

The law in New Mexico has been clear since its Supreme Court decided *Schmick v. State Farm Mut. Auto. Ins. Co.,* 704 P.2d 1092 (1985).  "While [New Mexico's] statute does not specifically provide that the insured's underinsured motorist liability insurance is to be offset by the tortfeasor's liability coverage as do the statutes of other states, such an offset is inherent in our statutory definition of underinsured motorist."  *Id*. at 1099 (internal citations omitted).  Because Hancock's insurers paid money on Defendants' claims, State Farm is entitled to an offset of the amount paid.

**IT IS THEREFORE ORDERED THAT:**

Plaintiff's Motion for Summary Judgment (*Doc. 19*) is granted.

*/s/ Steve Yarbrough*